# UNITED STATES DISTRICT COURT
for the
Southern District of California

MDD

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Silver Samsung Chrome Laptop<br>Seizure No. 2022250400145201-0005<br>("Target Device") | Case No. '22 MJ2453<br><br>~~NOT FOR PUBLIC VIEW~~ |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the __Southern__ District of __California__
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incorporated herein by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

**YOU ARE COMMANDED** to execute this warrant on or before __July 22, 2022__ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to __Hon. Mitchell D. Dembin__.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: __July 8, 2022  1022 am__                          /s/ Mitchell D. Dembin
                                                                          *Judge's signature*

City and state: __San Diego, California__                                Hon. Mitchell D. Dembin, United States Magistrate Judge
                                                                          *Printed name and title*

| Return | | |
|---|---|---|
| Case No.: '22 MJ2453 | Date and time warrant executed: 07/08/2022 @ 1255 hours | Copy of warrant and inventory left with: HSI San Diego Forensic Group |
| Inventory made in the presence of: HSI San Diego Forensic Group | | |
| Inventory of the property taken and name(s) of any person(s) seized: The search warrant was submitted to the HSI San Diego Forensic Group on 07/08/2022 at 1255 hours and thus executed. The results are pending analysis. | | |

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 07/08/2022

_Executing officer's signature_

Michael Savell, Special Agent HSI
_Printed name and title_

# ATTACHMENT A

PROPERTY TO BE SEARCHED

The following property is to be searched:

    Silver Samsung Chrome Laptop
    Seizure No. 2022250400145201-0005
    ("Target Device")

Target Device is currently in the possession of Homeland Security Investigations, located at 880 Front Street, Suite 3200, San Diego, California 92101.

# ATTACHMENT B

ITEMS TO BE SEIZED

Authorization to search the laptop computer described in Attachment A includes the search of physical documents, and includes electronic data, remnant data and slack space. The seizure and search of the laptop computer shall follow the search methodology described in the affidavit submitted in support of the warrant.

The evidence to be seized from the laptop computer will be electronic records, communications, and data such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data, for the period of May 28, 2022, up to and including June 28, 2022:

   a. All computer systems, software, peripherals and data storage devices.

   b. All documents, including all temporary and permanent electronic files and records, (including, but not limited to, JPG, GIF, TIF, AVI, WAV and MPEG files) which contain, attach, or describe controlled substances.

   c. User-attribution data to include data reflecting who used or controlled the computer or electronic storage device at or around the time that data reflecting criminal activity within the scope of this warrant was created, accessed, deleted, modified, copied, downloaded, uploaded or printed. User-attribution data includes registry information, computer logs, user profiles and passwords, web-browsing history, cookies, electronic mail stored on the computer or device, electronic address books, calendars, instant messaging logs, electronically-stored photographs and video, file structure and user-created documents, including metadata.

   d. Electronically stored communications or messages reflecting computer on-line chat sessions or e-mail messages with any persons regarding the possession, receipt, distribution of controlled substances.

   e. Information evidencing occupancy or ownership of the premises described above, including, but not limited to, utility and telephone

bills, mail envelopes, or addressed correspondence; credit card information including but not limited to bills and payment records.

- f. For any computer hard drive or other electronic media found to contain information otherwise called for by this warrant:
  1. Evidence of software that would allow others to control the computer, such as viruses, Trojan horses, and other forms of malicious software;
  2. Evidence of the lack of such malicious software;
  3. Evidence of the attachment to the computer of other storage devices, disks, CD-ROMs, or similar containers for electronic evidence; and
  4. Documentation and manuals that may be necessary to access or conduct an examination of the computer.
- g. Any and all usernames, email accounts, or online identities that may have been used for the importation of controlled substances or for communications with individuals sharing an interest in the importation of methamphetamine or some other federally controlled substances.
- h. tending to indicate efforts to import methamphetamine or some other federally controlled substances from Mexico into the United States;
- i. tending to identify accounts, facilities, storage devices, and/or services–such as email addresses, IP addresses, and phone numbers–used to facilitate the importation of methamphetamine or some other federally controlled substances from Mexico into the United States;
- j. tending to identify co-conspirators, criminal associates, or others involved in importation of methamphetamine, or some other federally controlled substance, from Mexico into the United States;
- k. tending to identify travel to or presence at locations involved in the importation of methamphetamine or some other federally controlled substances from Mexico into the United States, such as stash houses, load houses, or delivery points;
- l. tending to identify the user of, or persons with control over or access to, the Target Device; and/or

m. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

which are evidence of violations of Title 21, United States Code, Sections 952, 960 and 963.